UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAVID OPPENHEIMER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-189 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| MOUNTAIN STATES HEALTH | ) | Magistrate Judge Cynthia R. Wyrick |
| ALLIANCE and BALLAD HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Before the Court is a motion by Defendants, Mountain States Health Alliance ("Mountain States") and Ballad Health, to dismiss the copyright-infringement complaint of Plaintiff, David Oppenheimer. (Doc. 24.) Plaintiff responded in opposition (Doc. 29), and Defendant replied (Doc. 30). For the reasons set out below, the Court will **DENY** the motion to dismiss.

**I. BACKGROUND**[1]

Plaintiff is a professional photographer. On March 22, 2018, after Plaintiff discovered that one or more of Defendants was using one of his copyrighted images on a website, Plaintiff's attorney sent a cease-and-desist letter to Mountain States. (*See* Doc. 1 ¶ 14; Doc. 1-4.) Plaintiff's complaint alleges he had "several other attempted communications with the defendants" before he realized Defendants were not interested in a negotiated settlement. (Doc. 1 ¶ 15.) On October 24,

---

[1] This summary of the facts accepts all of the factual allegations in Plaintiff's Complaint as true, *see Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

2019, Plaintiff filed this action under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, including the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.* (Doc. 1.)

Defendants move to dismiss the complaint on the grounds that Plaintiff's action is barred by the three-year statute of limitations in 17 U.S.C. § 507(b). (Doc. 24.) Defendants allege that the parties executed a tolling agreement (the "Tolling Agreement") on August 21, 2016,[2] which required any suit to be brought on or before October 20, 2019. Because Plaintiff's action was not filed until four days after that date, Defendants argue it is barred. (Doc. 25 at 1.)

Plaintiff's response argues Defendant's motion is premature, because it relies on an affirmative defense that does not appear on the face of the complaint. (Doc. 29 at 4–5.) He argues in the alternative that the Tolling Agreement did not make October 20, 2019, the last date on which he could file an action; rather, it suspended the running of the statute of limitations until that date. (Doc. 29 at 2–3.) Plaintiff argues that he discovered the alleged infringement on August 25, 2016, there were four days remaining under the statute of limitations when the Tolling Agreement was signed, and he filed his complaint on the fourth day after the tolling ended and the statute of limitations began to run again, making it timely. (Doc. 29 at 2.)

Defendants' reply adds an argument that Ballad Health should be dismissed, because Ballad Health was not a party to the Tolling Agreement. (Doc. 30 at 3.) Defendants also argue that another section in the Tolling Agreement, providing that Plaintiff would not initiate any legal proceedings before September 20, 2019, supports their position that October 20, 2019, was the last date on which Plaintiff could have filed suit. (Doc. 30 at 4 n. 2.)

---

[2] This appears to be a typographical error for August 21, 2019. *See* Doc. 29-1.

## II. STANDARD OF REVIEW

A party may move to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on such a motion, a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The court must accept all of the factual allegations in the complaint as true and construe it in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). If a party presents matters outside the pleadings in connection with a motion to dismiss, the court must either exclude those matters from consideration or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Documents attached to pleadings are considered part of the pleadings for all purposes, however, Fed. R. Civ. P. 10(c), and a court's consideration of documents referred to in a complaint and integral to the claims does not convert a motion to dismiss into a motion for summary judgment. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

## III. DISCUSSION

The Tolling Agreement is not attached to or mentioned in the complaint.[3] (*See* Doc. 1.) Defendants argue the Court may consider it in connection with their motion to dismiss anyway because the complaint mentions the parties' pre-suit communications generally, and those

---

[3] While Defendants' memorandum recites that a copy of the Tolling Agreement is attached to their motion, (Doc. 25 at 2–3), there are no exhibits to the motion (*See* Doc. 24). Plaintiff did, however, file a copy of the Tolling Agreement with his response. (Doc. 29-1.)

communications, including the Tolling Agreement, are "critical to and determinative of [Plaintiff's] claims." (Doc. 25 at 4.)

Defendants' construction of the law on this point is mistaken. In order for the Court to consider a document that is not attached to the complaint, that document must be integral to the Plaintiff's claim itself, not to Defendants' affirmative defense to that claim. *See Commercial Money*, 508 F.3d at 335–36 (court may consider documents ***integral to claims*** on motion to dismiss) (emphasis added); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (court may consider documents not attached to complaint "if they are referred to in the plaintiff's complaint and are ***central to her claim***") (emphasis added) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)), *abrogation on other grounds recognized by Briggs v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 774 F. App'x 942, 948 (6th Cir. 2019); *see also* 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1327 (4th ed. 2019) ("when the plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may be permitted to introduce the document as an exhibit to a motion attacking the sufficiency of the pleading if the plaintiff has referred to the item in the complaint and it is ***central to the affirmative case***") (emphasis added).

All of the cases Defendants cite are consistent with this principle: they allow the consideration of documents integral to the plaintiffs' various claims. *See, e.g.*, *Weiner*, 108 F.3d at 89 (considering Employee Retirement Income Security Act ("ERISA") plan documents in suit seeking payment for ERISA benefits); *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364–65 (6th Cir. 2014) (considering loan, mortgage, and foreclosure documents in mortgage foreclosure case); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (considering contract in contract case). Defendants have not provided the Court

with any authority to allow it to consider a document like the Tolling Agreement, which is central to Defendants' affirmative defenses, not Plaintiff's claims.

"When an affirmative defense is raised in a motion to dismiss, the test is whether the complaint includes allegations of fact that effectively vitiate the ability to recover. In other words, . . . [the] motion . . . can be granted only where the [affirmative] defense appears clearly on the face of the complaint." *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 551 F. Supp. 580, 591 (S.D. Ohio 1982) (citing *McNally v. Am. States Ins. Co.*, 382 F.2d 748 (6th Cir. 1967)). Defendants' affirmative defense based on the statute of limitations does not appear on the face of the complaint. Nor can the Court, for the reasons stated above, consider the Tolling Agreement as part of the complaint for determining whether an affirmative defense appears on the face of the complaint. In addition, without the Tolling Agreement properly before it, the Court cannot reach the parties' interpretational dispute. Defendants' motion to dismiss on the basis of the Tolling Agreement is premature.

**IV.   CONCLUSION**

The Court will **DENY** Defendants' motion to dismiss (Doc. 24).

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**